**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

INAIS V.L.,

Petitioner,

v.

PAMELA BONDI, Attorney General, KRISTI NOEM, Secretary, U.S. Department of Homeland Security; TODD M. LYONS, Acting Director of Immigration and Customs Enforcement; and DAVID EASTERWOOD, Acting Director, St. Paul Field Office Immigration and Customs Enforcement,

Respondents.

Case No. 26-CV-1655 (NEB/ECW)

ORDER ON
PETITION FOR
WRIT OF HABEAS CORPUS

---

This matter is before the Court on Petitioner Inais V.L.'s Petition for a Writ of Habeas Corpus. (ECF No. 1 ("Pet.").) Inais V.L. is a citizen of Cuba who has lived in the United States since February 2022. (*Id.* ¶¶ 7, 12.) Upon entering the country, she presented herself to authorities; she was taken into custody and then released. (*Id.* ¶¶ 13, 30.) She has a pending asylum application and a valid work permit. (*Id.* ¶¶ 13–14.) Inais V.L. is a mother and an active member of her local church. (*Id.* ¶ 15.)

On January 23, 2026, Immigration and Customs Enforcement ("ICE") took Inais V.L. into custody when she was at a gas station. (*Id.* ¶ 16.) ICE took her to a holding facility in Minneapolis where she passed out upon arrival and had to be taken to the

hospital. (*Id.* ¶ 18.) She was then "immediately removed from the state." (*Id.* ¶ 17.) She is currently held in Otero, New Mexico. (*Id.* ¶ 21.)

On February 26, 2026, Inais V.L. filed this habeas action challenging her detention under 28 U.S.C. § 2241. In their response to the Petition, Respondents ask the Court to transfer the Petition to the United States District Court for the District of New Mexico. (ECF No. 5 at 2.[1])

Generally, habeas petitions seeking to challenge present physical custody should (1) name the petitioner's immediate custodian as a respondent; and (2) be filed in the district of confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35, 443–44 (2004). But the Court has acknowledged that when "a prisoner is held in an undisclosed location by an unknown custodian, it is impossible to apply the immediate custodian and district of confinement rules." *Id.* at 450 n. 18.

For that reason, the concurrence in *Padilla* recognized an exception to these rules "if there is an indication that the Government's purpose in removing a prisoner were to make it difficult for her lawyer to know where the habeas petition should be filed, or where the Government was not forthcoming with respect to the identity of the custodian and the place of detention." *Id.* at 454 (Kennedy J., concurring, joined by O'Connor, J.). In

[1] All page citations to the record or other dockets reference ECF pagination.

those situations, and others similar, habeas jurisdiction lies in the district from which "the petitioner had been removed." *Id.*

While the Supreme Court majority has not formally adopted such an exception, courts nationwide have recognized and applied it. *See Ozturk v. Trump*, 777 F. Supp. 3d 26, 37–38 (D. Mass. 2025) (collecting cases); *Suri v. Trump*, 785 F. Supp. 3d 128, 144–45 (E.D. Va. 2025) (recognizing and applying the exception), *aff'd*, No. 25-1560, 2025 WL 1806692, at *4 (4th Cir. July 1, 2025) (same) (noting the Fourth Circuit's previous application of the exception in *United States v. Moussaoui*, 382 F.3d 453 (4th Cir. 2004)); *Tacuri ex rel. Guanoluisa v. Francis*, No. 25-CV-07012 (JAV), 2025 WL 3459377, at *3–4 (S.D.N.Y. Dec. 2, 2025) (recognizing and applying the exception); *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 392–94 (D.N.J. 2025) (same). This includes many courts in this District. *See Aleksander B. v. Trump*, No. 26-CV-170 (KMM/DJF), 2026 WL 172435, at *2 (D. Minn. Jan. 22, 2026) (collecting cases from this District).

But the Court cannot conclude that any exception applies here. To begin, although given an opportunity to reply to Respondents' transfer argument, Inais V.L. did not submit a reply brief. (*See* ECF No. 3 (setting briefing schedule).) And Inais V.L.'s Petition fails to allege the type of facts that would warrant deviating from the general habeas forum rules.

Inais V.L. filed her Petition over a month after her arrest and transfer from the State.[2] She makes no allegation that the reason for this delay was because no one knew where she was or because she could not communicate with anyone. Her Petition does not allege that, at the time of filing, counsel reasonably believed Inais V.L. was in Minnesota; the Petition is clear that Inais V.L. was in New Mexico at the time of filing. (Pet. ¶ 21.) She does not allege that Respondents have denied her access to legal counsel or that they transferred her so quickly that she was denied a meaningful opportunity to speak with counsel, or anyone else for that matter. Nor does she allege that, in the time leading up to filing her Petition, her location was unavailable on the ICE Detainee Online Locator System and that no one could locate her despite diligent efforts.

Further, she has not argued that Respondents impeded counsel's ability to determine the proper forum for filing the habeas petition, withheld information regarding the identity of her immediate custodian, or obscured her location. Inais V.L. does not make any specific factual allegations that the delay in filing her Petition was caused by difficulty accessing counsel due to Respondents' actions or practices. She does

---

[2] Respondents contend that Inais V.L. was transferred to "ERO El Paso Campe East Montana" on or about January 24, 2026, and then transferred to "Otero Co Processing Center" in New Mexico on February 3, 2026. (ECF No. 5 at 1.) Inais V.L. does not contest Respondents' assertion, and the Petition alleges she was transferred "immediately." (Pet. ¶¶ 7, 17.)

not, for example, allege that she had no access to phone calls, attorney visitation, or information about free legal services. Nor does her Petition allege that her family had been unable to contact her despite multiple efforts. The Petition does not allege that it lacks allegations of this kind because Respondents' practices have stifled the ability of family or counsel to obtain this type of information.

This case therefore does not raise the same "race against the airplane" or access-to-counsel concerns that were present in other cases in which the Court declined to transfer habeas petitions. *See Neri R.C. v. Bondi*, No. 26-CV-912 (NEB/EMB) (D. Minn. Feb. 13, 2026), ECF No. 9 (declining to transfer case because the petitioner sufficiently alleged a "race against the airplane" warranting application of the exception contemplated by the *Padilla* concurrence); *Victor C.S. v. Bondi*, No. 26-CV-1366 (NEB/DLM) (D. Minn. Feb. 16, 2026), ECF No. 8 (declining to transfer case because the petitioner sufficiently alleged facts that the government impeded petitioner's access to counsel and was not forthcoming with petitioner's place of detention).

Inais V.L.'s Petition was not filed in her district of confinement, and no exception to the habeas forum rules applies, so the Court transfers the case to the United States District Court for the District of New Mexico.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the Clerk of Court is directed to transfer this case to the United States District Court for the District of New Mexico.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 3, 2026
Time: 4:08 p.m.

BY THE COURT:
s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge